**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

BOBBY RAY JOHNSON, JR.                                                                                   PLAINTIFF
#11833-08

V.                                              4:09-cv-00419 JLH-JJV

DOC HOLLADAY, Sheriff, Pulaski County; RANDY
MORGAN, Chief, Pulaski County Sheriff's Department;
KELLY PAXON, Captain, Pulaski County Regional
Detention Facility; VEROCHIA PETERS, Captain, Pulaski
County Regional Detention Facility; and K. BROOKS,
Pulaski County Regional Detention Facility                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who was a pre-trial detainee at the Pulaski County Regional Detention Facility, filed this action alleging failure to protect claims. On June 17, 2009, the Court entered an Order (Doc. No. 4) granting Plaintiff leave to proceed *in forma pauperis* and directing him to submit an Amended Complaint further explaining the nature of his claims against the named individual Defendants. The Order provided Plaintiff thirty days in which to file his response, and cautioned him that the failure to do so could result in the dismissal of his case pursuant to Local Rule 5.5(c)(2).

This Order was mailed to Plaintiff on June 17, 2009, at his last-known address, the detention center, and has not been returned to the Court as undelivered. More than thirty days have now passed since this most recent Order was entered, and Plaintiff has failed to respond in any way.

Under these circumstances, the undersigned concludes that Plaintiff's Complaint should be

dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).[1] *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (Doc. No. 2) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

DATED this 22nd day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."